**SO ORDERED.**

**SIGNED this 05 day of October, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:                                              CASE NO.

GEORGE EDWARD PICKETT,                              07-04412-8-JRL

    DEBTOR.

**ORDER**

This case is before the court on the debtor's motion for reimbursement. A hearing took place in Wilmington, North Carolina on September 23, 2009.

The debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on November 21, 2007, and his plan was confirmed on May 27, 2008. Washington Mutual Bank ("Washington Mutual") filed a claim in the amount of $120,787.75, asserting a security interest in certain real property, under a promissory note executed by the debtor. The debtor objected, and the parties engaged in heated litigation until, on July 10, 2009, they entered into a settlement agreement whereby Washington Mutual agreed to accept $100,000 in full satisfaction of its claim against the debtor. The property giving rise to the obligation was sold, and Washington Mutual accepted $100,000 in proceeds from the sale. The court then authorized the debtor to withdraw his objection, and Washington Mutual withdrew its proof of claim.

At hearing, the debtor asserted that by withdrawing its claim, Washington Mutual became obligated to reimburse the trustee for payments received through the plan based on the proof of claim. The trustee agreed and confirmed that upon withdrawal of a claim against the estate, a creditor is required to return any funds paid through the plan. Washington Mutual argues that the terms of the settlement agreement imply that it would accept $100,000, in addition to sums previously paid through the plan, in satisfaction of its claim against the debtor. Despite the Washington Mutual's superior position as the drafting party, there is no express language in the agreement to support this assertion.

The effect of withdrawing a proof of claim is that it "renders the withdrawn claim a legal nullity and leaves the parties as if the claim had never been brought." Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995); In re Frank, 322 B.R. 745 (Bankr. M.D.N.C. 2005). If Washington Mutual intended to retain funds paid by the trustee under to its proof of claim, then it should have amended the claim to the amount received rather than withdrawing it entirely. Instead, Washington Mutual withdrew its claim without qualification, and thus has no right to participate in distributions from the bankruptcy estate.

Based on the foregoing, the debtor's motion to for reimbursement is GRANTED. Washington Mutual Bank must remit the sum of $5,159.25 to the chapter 13 trustee within twenty (20) days of entry of this order.

**"END OF DOCUMENT"**